[Civ. No. 29897. Second Dist., Div. Five. Sept. 29, 1967.]

MILLGEE INVESTMENT CO., INC., Plaintiff and Respondent, v. JOSEPH I. FRIEDRICH et al., Defendants and Appellants.

Durley, Cearnal, Marshall & Callender, and Richard A. Richards for Defendants and Appellants.

Sylvan Y. Allen for Plaintiff and Respondent.

STEPHENS, J.—This is an appeal by defendants from a judgment rendered against them for $10,000 plus 7 percent interest from December 13, 1960. The complaint, filed by plaintiff, was one for money had and received and for declaratory relief.

The facts are as follows: On or about August 24, 1960, plaintiff and defendants entered into two written instruments. One related to the purchase by plaintiff of certain land owned by defendants, and the other related to the leasing by plaintiff of additional adjacent land also owned by defendants. In connection with these agreements, on September 1, 1960, $10,000 was paid by plaintiff to defendants. The complaint seeks the recovery of this fund plus interest.

Each of the two instruments, in the purchase agreement and the lease agreement, calls for a payment of $10,000. The purchase agreement requires payment to be made by purchaser (plaintiff) to seller (defendants) not later than January 1, 1961, providing buyer (plaintiff) has not exercised his right to terminate the purchase agreement. Further, it provides the sum shall be applied on the purchase price of the property if escrow closes by title passing. It also provides that the sum ($10,000) "shall be retained by Seller as consideration for executing this agreement if the escrow provided for herein does not close because of breach of Buyer."[1] Paragraph 5 of the purchase agreement provides "It is agreed that Buyer may at any time prior to Jan. 1, 1961, terminate this agreement . . . , in which event this agreement shall become null and void and in which event said lease agreement shall become null and void . . ." Provision is made in the agreement for the return to the respective parties to the agreement as carried into escrow of anything of value deposited in the escrow.

The lease agreement provides: "Lessee [plaintiff] agrees to pay to Lessor [defendants] the sum of Ten Thousand Dollars ($10,000.00) before August 26, 1960. In the event Lessee has fully performed all of Lessee's obligations hereunder but said

---

[1] It is conceded that the termination of the agreement and escrow was not "by breach of Buyer."

zoning is not so obtained, Lessor agrees to repay said sum of money to Lessee on January 1, 1961, and all rights and obligations hereunder shall thereupon cease and terminate. In the event said zoning is so obtained, Three Thousand Dollars ($3,000.00) of said sum shall be applied in payment of the first month's rental due hereunder, and the balance shall be retained as security for the faithful performance by Lessee . . ."

The lease agreement further provides: "It is agreed that a condition of this lease is the making of an agreement between Lessor and Lessee with respect to the sale by Lessor to Lessee of all land owned by Lessee [*sic*] that is adjacent to the leased premises and westerly of a southerly extension of the centerline of "C" Street by August 6, 1960, and actual passage of title of said land from Lessor to Lessee by January 1, 1961."

It is conceded that but one sum of $10,000 was intended to be paid under these two agreements and but one sum of $10,000 was in fact paid.

On or before September 15, 1960, plaintiff, as lessee, made application for commercial zoning of the lease land, and through the efforts of defendants, lessors, the property was so zoned on December 13, 1960. On this same day, December 13, 1960, plaintiff mailed its "Notice of Cancellation" in compliance with paragraph 5 of the purchase agreement.

Defendants contend that the documents establish a fully performed contract in the nature of an option. This contention is at variance with the trial court's findings XX and XXI, wherein it stated: "The Court finds that the $10,000 was not intended by the parties as consideration for an option" and "The Court finds that an option to purchase and lease was not intended."

Though the trial court found as a fact that the extrinsic evidence admitted was of "no real help" in resolving the ambiguity, it is apparent that it was of assistance. The court found that the two agreements were prepared by counsel for defendants.[2] Except for finding XI to the effect that "the parties agreed at the trial that only one $10,000 payment was required," to which there is no objection, we would conclude two such payments were required—one to be made to apply

---

[2]This made applicable the rule that a document prepared by one party shall be construed most favorably to the other in resolving any ambiguity, absent other evidentiary matter. (Civ. Code, § 1654; 2 Witkin, Summary of Cal. Law (1960) Contracts, § 224.)

on the purchase price, and one to cover the first month's rent, and the remainder as security for lease performance. We recognize that this agreement, at time of trial, relative to the intent of the parties as to sums to be paid, is "extrinsic evidence." This being the fact, and reliance thereon being accepted by the trial court, we must conclude that if substantial evidence (including inferences) sustains the trial court's reasonable resolution of amibguity, the appellate court is bound thereby.

The first contention of defendants is, "The Uncontroverted Evidence Establishes a Contract Which Became Fully Performed When Respondents Exercised Their Unilateral Right or Option to Terminate." They argue that plaintiff and defendants agree that the sum of $10,000 was paid by plaintiff on or about September 1, 1960, in connection with the purchase agreement and lease agreement, and that plaintiff has not sought to rescind the agreements, but rather to stand thereon, hence the $10,000 is presumed the consideration for the execution of the respective agreements in the absence of evidence to the contrary.

We concur with defendants that consideration for an agreement supports a right of termination therein. (*Brawley* v. *Crosby etc. Foundation, Inc.*, 73 Cal.App.2d 103, 118-119 [166 P.2d 392].) We do not agree that the $10,000 paid is not recoverable under these agreements, or that to allow such recovery would make the right termination (and the agreements) unsupported by consideration.

Paragraph 5 of the purchase agreement provided the right to terminate the agreement at any time prior to January 1, 1961. Such termination operated to make null and void both agreements. While this action taken by plaintiff on December 13, 1960, terminated the executory provisions of the agreements, it did not and could not impose a duty upon defendants different than that imposed by the provisions of the agreements. By this termination on December 13, 1960, plaintiff had suffered the detriments of (1) paying, or still being obligated to pay, all escrow fees and expenses in connection with the escrow, excepting cost of title policy, revenue stamps, and cost of preparing deed and one-half of customary escrow fees; (2) all brokers' commissions (not over 1 percent of values); (3) foregoing the benefit of possession and use of $10,000 for the period September 1, 1960, to and including December 13, 1960, this benefit of possession and use, interest and obligation free, being in defendants throughout that

period; (4) paying whatever costs there may be attendant to the zoning change and application; (5) the obligation to give written notice of termination. These constitute adequate consideration; hence the $10,000 itself is not the sole consideration, as urged by defendants. (*Mutz* v. *Wallace,* 214 Cal.App.2d 100, 111 [29 Cal.Rptr. 170].)

Included within defendants' first issue on appeal is the contention that certain specific findings were requested, and that failure to find thereon is error. The premise in support of this contention is that the *sole* evidence on intent was produced by defendants. Such is not the case. As heretofore pointed out, evidence as to the $10,000 sum paid being intended to apply to both agreements, the evidence as to the draftsman of the agreements and the evidence of request for repayment thereof as contained in the statement of termination is evidence going to the point of ambiguity. The court then, by its findings X, XI, XII, XIII, XVII, XX, XXI, and XXII covered the subject matter of the requested special findings in the form of ultimate conclusions of fact and in conformity with Code of Civil Procedure section 634.

Contention II is that the trial court committed prejudicial error in finding a forfeiture where there is no breach of duty or showing as to loss or damage.

The agreements provided for the return of the $10,000 on the happening of certain events, and when there is added thereto the provision of termination nullifying and voiding the agreements, the conclusion is apparent that none of the parties foresaw the circumstance which prevailed. If the sum was not paid for an option, and we concur with the trial court 'that it was not, and there was a failure of the parties to anticipate that which actually occurred, to permit the defendants a windfall is, as the trial court found, "unjust." That this "unjust" result "would constitute a forfeiture," while unfortunate language, did not "find a forfeiture" in the technical sense. A fair reading of the findings is to say the court concurred with plaintiff to the effect that defendants possessed funds of plaintiff without right thereto, and to refuse recovery thereof violated that which was just as between the parties. If there was no breach of duty, and there was no option involved, and plaintiff exercised a right, given for consideration, to terminate the agreements, then certainly plaintiff had a right to recover that consideration for which there was no value returned.

There was no error in the court's failure to make a finding

of loss or damages to defendants. Plaintiff was not a defaulting vendee seeking to recover some part of his payment to a vendor, and the cases upon which defendants rely are not in point. Defendants were not entitled to affirmative relief since they did not file either a counterclaim or a cross-complaint, and did not aver any facts to such a claim for damages to them.

Defendants' issue III is that plaintiff failed to meet its burden of proof in establishing any right whatsoever to affirmative relief.

The sum total of the above analysis may well be directed to answering this contention. We find that there was adequate evidence to support the trial court's findings and conclusions.

The final issue (IV) relates to the allowance of interest on the sum of $10,000 from December 13, 1960. Since by our conclusion, and that of the trial court, the sum was certain at all times from December 13, 1960 on, the allowance of interest was proper, in compliance with section 3287 of the Civil Code. Where nothing of value was given by defendants for the $10,000, and the same was held under the agreements to apply to purchase or rental, which obviously never occurred, no damage occurred to defendants, and the sum remained certain. (28 Cal.Jur.2d 400.)

The judgment is affirmed.

Kaus, P. J., and Hufstedler, J., concurred.